A. C. BUNCH v. THE STATE.

No. 4421. Decided April 4, 1917.

**1.—Theft from Person—Pleading and Proof—Variance.**

Where the indictment charged theft from the person under both grounds of the statute, but the court only submitted taking the property without the knowledge of the owner, and the evidence showed that the latter knew all about it at the time and protested, the conviction could not be sustained. Prendergast, Judge, dissenting.

**2.—Same—Insufficiency of the Evidence.**

Where, upon trial of theft from the person, the evidence showed that the injured party had knowledge of the taking, and besides, showed that there was no fraudulent intent of the defendant at the time of the original taking, a subsequent fraudulent intent, if any, was shown, would not relate back and make the original taking fraudulent. Following Roberts v. State, 21 Texas Crim. App., 460, and other cases. Prendergast, Judge, dissenting. ·

Appeal from the Criminal District Court No. 2 of Dallas. Tried below before the Hon. W. L. Crawford, Jr.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*G. Q. Youngblood,* for appellant.—On question of insufficiency of the evidence: Roberts v. State, 1 S. W. Rep., 452; Graves v. State, 25 Texas Crim. App., 333, 8 S. W. Rep., 471; Clark v. State, 34 Texas Crim. Rep., 120, 29 S. W. Rep., 382; McMahan v. State, 50 Texas Crim. Rep., 244, 96 S. W. Rep., 17; Green v. State, 13 S. W. Rep., 784.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft

from the person, his punishment being assessed at two years confinement in the penitentiary.

The evidence discloses that appellant and Whitfield had been attending a fair in Dallas, and on this particular occasion Whitfield was very drunk and appellant intoxicated, but not to the same extent as was Whitfield. They went to a hotel, appellant assisting Whitfield up the stairway, into the clerk's office, where he engaged a room for Whitfield known as room No. 20. The door of this room opened into the office where there were eight or ten people assembled, and the room door was open to the inspection of all those who were in the office. Mrs. Terrell was officiating and in control in the absence of the proprietress, Mrs. Jones. A question came up as to the rent of the room, and appellant informed Mrs. Terrell that Whitfield had money and could pay the room rent. After some discussion among themselves appellant went into the room where Whitfield was lying on a bed, and in the presence of Mrs. Terrell and one or two others took Whitfield's pocketbook from his pocket, and Mrs. Terrell says, over Whitfield's protest, that he told them not to take his money, but she says appellant did, and took a dollar out of the pocketbook and paid her the room rent. Mrs. Terrell was a State's witness and proved that Whitfield knew of and protested against the taking of his money by appellant. The indictment charged appellant under both grounds of the statute, but the court only submitted taking the property without the knowledge of Whitfield, and under this phase of the law he was convicted.

The State's testimony not only fails to prove a case but fully disproves it. The statute requires that the property under such circumstances must be taken without the knowledge of the injured party, and proof of the fact that he knew all about it and protested does not meet the requirements of the statute, but disproves the allegation relied upon to sustain the conviction. For this reason this judgment must be reversed. Branch's Ann. P. C., p. 1374, for many collated cases; P. C., art. 1351.

We might stop at this point without further discussion of the case, but it may be advisable to state that this pocketbook, under all the testimony, was taken for the purpose of getting money from it to pay the room rent. If this was the only motive, then there could be not only no theft from the person but no theft under any view of the case. If the property was taken originally without a fraudulent intent, a subsequent fraudulent intent would not relate back and make the taking fraudulent. This has been passed on so often that it is unnecessary to cite authorities, but see Branch's Ann. P. C., p. 1374; Roberts v. State, 21 Texas Crim. App., 460; Graves v. State, 25 Texas Crim. App., 333. In all theft the fraudulent intent and the taking must be coincident. A taking may be unlawful, but if there is no fraudulent intent it can not constitute the crime of theft. There seems to be no question of the fact from the State's testimony that the pocketbook was taken with a view of getting money from it to pay the room rent, and

that appellant actually did get money out of the pocketbook to pay Mrs. Terrell and she received the dollar for the room rent. This was the amount she charged. The State's theory was that when he opened the pocketbook he took also some greenbacks from it. The evidence by the State's witnesses—two of them perhaps—was that while he had the pocketbook open in his hand in front of all of them he was seen to put some greenbacks in one of his hip pockets, and was asked about it. This he denied; he said it was a dirty handkerchief. When this occurred he returned to the room and was in there a few minutes and came out and made the offer to be searched by any or all of them, but no one made a search of his person. The theory of the State was that he must have left the greenbacks in the room when he returned to it, but the room was not searched for it, so far as the record is concerned, and if it was there is no evidence that any money was ever found. Whitfield was not present at the trial, nor did he testify; nor is there any indication that he ever made any investigation of the matter, or made any complaint, or charged appellant with having taken money from his pocketbook. There is no reason given why Whitfield was not present at the trial. The only evidence they had to his want of consent was the fact that Mrs. Terrell testified that he protested against their taking his money. From no viewpoint of this case has the State proved a case of theft from the person without the knowledge of the injured party.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE (dissenting).—I have studied the evidence in this case with care, and it is amply sufficient to sustain this conviction. It does not show that appellant took Whitfield's money with Whitfield's knowledge. It does show that when he at first tried to take it Whitfield protested and he did not then get it—that is when he first took him to the room. He took the money later—after he got him in bed and while he was so drunk he knew nothing—and when Whitfield did not know it, and could not have known it.

It is true appellant *claimed* he took Whitfield's money—just $1, to pay for the room, and did pay it for the room. But the other testimony shows he took much more than $1, and at the very time he took it, it was with the intention to convert it to his own use, and he did so—not that he formed such intention later.

The other testimony shows he took some bills of greenbacks and attempted to surreptitiously put them in his pocket, and when seen and charged therewith at the very time, he falsely claimed it was not greenbacks but a dirty handkerchief he was putting therein. After being thus seen and charged therewith, he then went back into the room and stayed some time, and then returned to the others, and then and not till then did he offer to be searched. Of course, he had then

secreted the money about his person or the room. He then left and was shown to have spent money, and later returned to the room.

This case should not be reversed, but affirmed. I dissent.